

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,357

### EX PARTE DERRICK COLLINS, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 31423CR IN THE 40TH DISTRICT COURT FROM ELLIS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance with intent to deliver and sentenced to eight years' imprisonment. He did not appeal his conviction.

Applicant contends that his trial counsel rendered ineffective assistance because she did not take the appropriate steps to ensure that the trial court considered shock probation while it had jurisdiction to do so. As part of an agreement with the State, Applicant pleaded true to the State's

motion to revoke his community supervision in exchange for, *inter alia*, the State's recommendation that he be considered for shock probation. On the same day, he pleaded true to a motion to adjudicate in Ellis County Case No. 31659CR and entered into an identical agreement with the State for that case. Counsel filed a timely motion for shock probation in Case No. 31659CR and the trial court issued a "Judgment for Shock Probation: Placing Defendant on Community Supervision." However, in the instant case, no such motion was made and no such judgment was signed, foreclosing applicant's release to community supervision in the Case No. 31659CR.

Trial counsel filed an affidavit responding to applicant's ineffective assistance of counsel allegation. According to counsel, the failure to file the appropriate motion to bring this case to the trial court's attention was due to an "accident or mistake." The trial court found that counsel filed a motion for imposition of shock probation in Case No. 31659CR, but did not do so in the instant case due to "accident and mistake." The trial court made no conclusions of law or recommendations.

After a review of the habeas record, this Court has determined that trial counsel was ineffective in that counsel did not move for consideration of shock probation in a timely fashion and that such ineffective representation prejudiced applicant. We find, therefore, that applicant is entitled relief.

Relief is granted. The trial court's May 21, 2008 judgment revoking community supervision in Case No. 31423CR in the 40th Judicial District Court of Ellis County is set aside, and applicant is remanded to the custody of the sheriff of Ellis County to answer the State's motion to revoke community supervision.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 26, 2010
Do Not Publish